JACIN L. HIGGINS, Respondent, *v.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

A breach of warranty, as upon the affirmance of an untruth, cannot be alleged of an answer in an application for life insurance which does not profess to state any fact.

The words of the answer cannot be extended by implication, in aid of a defense founded upon a technical breach of warranty, beyond the fair import of its language; it cannot be treated as an affirmation of a fact not stated therein, although called for by the interrogatory.

In answer to the following question in an application for a policy of life insurance, " Name and residence of the family physician of the party, or of one whom the party has usually employed or consulted ? " the answer was: " Refer to Dr. A. T. Mills, Corning, N. Y." In an action upon the

. policy, *held*, that the answer did not affirm any fact, and so did not constitute a warranty.

It appeared that the applicant had no family physician; that one Dr. Bryan had been called to his house, in his absence, to see other persons; had once visited him, and had been called in once by a messenger sent for a physician, no particular one being designated. The applicant had consulted Dr. Mills casually on two or three occasions, and he had prescribed for slight ailments. *Held*, that if the statement of the applicant should be regarded as a full and complete answer, it was not so manifestly untrue as to authorize a direction of a verdict for defendant.

The answers to the interrogatories were prepared and written by defendant's agent; he dictated or suggested the answer in question, after a statement to him by the applicant of the facts as they existed. *Held*, that defendant could not object to the correctness of the answer.

(Argued April 25, 1878; decided May 21, 1878.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 10 Hun, 459.)

This action was upon a policy of life insurance issued by defendant upon the life of Romeyn O. Higgins. The policy contained a provision, that "if any of the declarations or statements made in the application for this policy * * * shall be found in any respect untrue * * * this policy shall be null and void."

The further facts appear sufficiently in the opinion.

*Samuel Hand*, for appellant. The statements in the application being made a part of the policy were warranties. (*Barteaus* v. *Phœnix Ins. Co.*, 67 N. Y., 595; Bliss on L. Ins., 78; *Foot* v. *Ætna L. Ins. Co.*, 61 N. Y., 571; *Higbie* v. *Guard. Ins. Co.*, 53 id., 605; *Chaffee* v. *Cat. Ins. Co.*, 18 id., 376; *Anderson* v. *Fitzgerald*, 4 H. of L. Cas., 484; *Smith* v. *Ætna L. Ins. Co.*, 49 N. Y., 211; *Edington* v. *Mut. L. Ins. Co.*, 5 Hun, 1.) As the statements in the application as to the physician were proved to be untrue, the policy did not take effect. (*Flynn* v. *Eq. As. Co.*, 67 N. Y., 500; *Price* v. *Phœnix Ins. Co.*, 10 Am. R., 166, 183; 17 Minn., 497, 519; *Monk* v. *Un. L. Co.*, 6 Robt., 455; *Huckman* v. *Fernie*, 3 M. & W., 505, 509, 519, 520; *Gibson* v. *Am. Mut.*

*Ins. Co.*, 37 N. Y., 585.) The verbal statements made by Higgins to the agent could not vary the terms of the application. *Foot* v. *Ætna Ins. Co.*, 61 N. Y.; *Owens* v. *Purchase Ins. Co.*, 56 id., 571.)

*Geo. B. Bradley*, for respondent. The evidence offered to prove the statement made by the assured in answer to the question as to his physician was competent. (*Ins. Co.* v. *Mahone*, 21 Wal., 152; *Ins. Co.* v. *Wilkinson*, 13 id., 222; *Baker* v. *Home L. Ins. Co.*, 64 N. Y., 648; *Rowley* v. *Empire Ins. Co.*, 36 id., 550; *Farmers' Bk., etc.* v. *Cowan*, 2 Abb. Ct. App. Dec., 88, 90; *Edington* v. *Mut. L. Ins. Co.*, 67 N. Y., 186, 197, 198; *Flynn* v. *Eq., L. As. Co.*, id., 505, 506; *Bennett* v. *Lyc. Ins. Co.*, id., 274.) Defendant having accepted and adopted the answer of the assured as written, it can add nothing to it, but will be deemed to have waived any answer. (*Fitch* v. *Am. P. L. Ins. Co.*, 59 N. Y., 572; *Edington* v. *Mut. L. Ins. Co.*, 67 id., 197, 198.) As to whether the assured had any family physician, or one whom he usually consulted, was a question of fact. (59 N. Y., 572–573; 67 id., 185, 197; *Barnes* v. *Perine*, 2 Kern., 18; *Marine Bk.* v. *Clements*, 31 N. Y., 43.) Whether the statements in the application were or were not warranties the burden was with the defendant to prove them untrue. (*Cushman* v. *U. S. L. Ins. Co.*, 4 Hun, 783; *Piedmont, etc. L. Ins. Co.* v. *Ewing*, 2 Otto, 377; 67 N. Y., 185; 10 Am. 166; 17 Minn., 497; *Owens* v. *Hol. Pur. Ins. Co.*, 56 N. Y., 565, 573; *Wall* v. *How. Ins. Co.*, 14 Barb., 383.)

ALLEN, J. The defense rests solely upon the alleged breach of warranty in the answer to the twenty-sixth interrogatory to the applicant for the policy, who was the person whose life was proposed to be insured. It was not claimed that there was a fraudulent suppression of any fact material to the risk, or of the truth in any matter, or a fraudulent misrepresentation, affecting the contract.

The interrogatory referred to was "name and residence

of the family physician of the party, or of one whom the party has usually employed or consulted ? "   Answer : " Refer to Dr. A. T. Mills, Corning, N. Y."

The language of the answer is equivocal.   It neither declares Dr. Mills to have been, or to be the family physican of the applicant, or that he was the physician whom he had usually employed or consulted, or if he occupied either relation, which it was.

It is only upon the ground that the statement constitutes an express warranty, and was untrue in fact, that the defense can be sustained.   The answer is not responsive in terms to the interrogatory, and does not profess to give the information asked.   If it was not satisfactory to the defendant, a fuller and more explicit answer should have been required. A breach of warranty as upon the affirmance of an untruth cannot be alleged in respect of an answer which does not profess to state any fact.   The words of the answer cannot be extended by implication in aid of a defense founded upon a technical breach of warranty beyond the fair import of its language, and the intent of the party as indicated by its terms.   It is always in the power of the insurer to have an explicit and clear affirmation as to every fact material to the risk, and if the answers to the interrogatories are not full, and do not give the information called for, they cannot be treated as affirmations of facts not stated, although called for by the interrogatories.   (*Baker* v. *Home Life Ins. Co.*, 64 N. Y., 648; *Edington* v. *Mut. L. Ins. Co. of N. Y.*, 67 id., 185; *Fitch* v. *Am. Pop. L. Ins. Co.*, 59 id., 557.)   If, however, the statement of the applicant be regarded as a full and direct answer to the question, it was not so manifestly untrue as to authorize a direction by the court of a verdict for the defendant, and this was the only request made in its behalf.   The right to go to the jury upon any question of fact was waived by the counsel for the defendant.   The applicant does not appear to have had a family physician after his removal to Corning, up to the time of the application.   Dr. Bryan had visited a sister of the applicant's wife, and also a young lady

a visitor at his house, but the applicant was not at home, and the patients paid for his attendance. He had prescribed at his office occasionally for the applicant for slight ailments, and once visited him at his house when he had been exposed to the small-pox, and a boy had been sent for a physician without the designation of any one in particular, and meeting Dr. Bryan called him in. The evidence is not very distinct as to any other visits to the applicant or his family. The applicant had consulted Dr. Mills casually on two or three occasions, and been prescribed for by him for dyspepsia or some slight ailments. Who the party " usually consulted," or who was " his family physician " at the time of the application, was a question of fact for the jury and not of law for the court. There was no error in refusing the direction of a verdict for the defendant as requested. But the objection to a recovery by the plaintiff upon the ground alleged was obviated by the fact that the answers to the interrogatories were prepared and written by the agent of the defendant, and he dictated or suggested the answer as finally made after a statement by the applicant of the facts as they existed. The statement was that Dr. Mills had prescribed for him, and that Dr. Bryan had prescribed for him, and that he would refer to either one of them. It is quite evident that there was no reason why the applicant should name one in preference to the other, as both had had about the same opportunities for learning and knowing the physical condition of the applicant, and whether his life was insurable. The agent having upon a statement of the facts by the applicant suggested the answer to the interrogatory as formally made without asking for a more full or particular statement, the defendant cannot object that the answer was not such as might or should have been made. (*Baker* v. *Home Ins. Co.*, *supra*.) Dr. Mills had prescribed for him, and having respect to the object of reference, might properly be referred to as one as competent as any other to give the desired information. But it is enough that the agent of the defendant, acting for him upon a true statement by the applicant, dictated and wrote the answer.

The judgment must be affirmed.

All concur, except Andrews, J., absent.

Judgment affirmed.