(86 App. Div. 545.)

BURR v. UNION SURETY & GUARANTY CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. PLEADING—DEFENSE—REPLY—POWER TO REQUIRE.

Code Civ. Proc. § 516, provides that, "where an answer contains new matter, constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter." In an action on a bond given by defendant to secure the performance by a third person of a contract between the third person and plaintiff the complaint alleged that plaintiff had complied with all the conditions of the bond upon his part to be performed. The answer set up that it was provided in the bond that defendant should be notified in writing of any act on the part of the third person which would involve a loss for which it would be responsible, and that no such notice was given; also that it was provided that suit should be brought within six months of a breach of the contract, and that the action was not brought within six months. *Held* not a statement of new matter, and a reply could not be required.

**2. EVIDENCE ADMISSIBLE UNDER COMPLAINT.**
An allegation of the performance of a contract will not support proof of defendant's waiver of performance.

Appeal from Special Term, Kings County.

Action by Joseph A. Burr against the Union Surety & Guaranty Company. From an order denying defendant's motion to compel plaintiff to reply to alleged affirmative defenses in defendant's answer, defendant appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Wilson B. Brice, for appellant.

C. W. Wilson, Jr., for respondent.

HOOKER, J. This is an appeal from an order made at Special Term denying defendant's motion to compel plaintiff to reply to the alleged affirmative defenses set up in his amended answer. The complaint alleged that the defendant gave its bond to insure the performance of a contract of one Egenberger with the plaintiff; that Egenberger failed to perform, and the defendant is liable on its bond. The complaint specifically alleges that the plaintiff has complied with all the conditions of the contract made and entered into by the defendant herein upon his part to be kept and performed, and then sets out the contract of guaranty in full. Defendant's answer, after stating a general denial, contains an allegation that it was provided in said agreement between it and the plaintiff that defendant should be notified in writing of any act on the part of the principal herein named, which would involve loss for which defendant would be responsible; that no such notice was given, and defendant did thereby become relieved from obligation under the bond. In a separate paragraph the defendant alleges that it was provided in the bond that any suit at law or proceedings in equity must be brought within six months after breach of the contract; that this action was not brought within said six months, and the plaintiff is bound by the short limitation.

Section 516 of the Code, which permits a reply to be made in certain cases, provides: "Where an answer contains new matter, constituting a defence by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter." Section 500 of the Code makes provision for what an answer of the defendant must contain. First, it may contain a general or specific denial of each material allegation in the complaint; and, second, a statement of any new matter constituting defence or counterclaim. Inasmuch as the provisions of the defendant's obligation are explicit, it must be held—and there is no controversy upon this question—that the plaintiff must show performance of the acts he undertook in the contract to perform as a condition precedent to his maintaining the action, and his complaint alleges that he has performed all of the terms and conditions of the defendant's obligation. The separate paragraphs of the answer are no more than specific denials of the allegations of the complaint supplementing the general denial also incorpo-

¶ 2. See Contracts, vol. 11, Cent. Dig. § 1732.

rated in the answer.   If these portions of the answer are specific de-
nials, they can in no sense be statements of any new matter, and the
court is, therefore, under section 516 of the Code, without power to
grant the order sought.

The defendant seems to fear that it will be surprised at the trial, and
counsel urges in his brief that as to the defense of failure to notify
defendant of the breach of the contract plaintiff may claim to have sent
a notice which defendant did not receive, or make claim that defend-
ant waived notice, and maintains that defendant must prepare itself
to meet either or both of these issues.   In regard to the defense of
lapse of time defendant urges that plaintiff may deny the same, or may
claim that defendant waived the defense, and that the latter must,
therefore, prepare for both lines of proof.   The learned counsel for
the defendant has evidently fallen into error in these statements in his
brief, for it has been repeatedly held that an allegation of the perform-
ance of a contract will not support proof of defendant's waiver of per-
formance.   Beecher v. Schuback, 1 App. Div. 359, 37 N. Y. Supp.
325; Ryer v. Prudential Insurance Co., 84 App. Div. ——, 82 N. Y.
Supp. 971.   The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.   All concur.