(109 App. Div. 175.)

### GARLICK v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

INSURANCE—ACTION ON POLICY—PLEADING—VARIANCE.

    Under a complaint in an action on a life policy alleging full performance of its conditions, waiver of a condition as to time of payment of premiums may not be shown.

    [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1637, 1642.]

Appeal from Trial Term.

Action by Laura Garlick against the Metropolitan Life Insurance Company. From a judgment on a verdict directed for plaintiff, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, HOOKER, RICH, and MILLER, JJ.

Paul Grout, for appellant.
Ernest C. Brower, for respondent.

WOODWARD, J. This is an action to recover $500 upon a policy of insurance on the life of the plaintiff's husband. The plaintiff pleaded that all of the conditions of the contract entitling her to recover had been fully performed, but upon the trial it developed that the conditions of the policy required that payments should be made semiannually upon a given date, and that the last payment of the plaintiff was not tendered until after the expiration of the time for such payment, at which time the insured was ill. Over the objection and exception of the defendant the plaintiff was permitted to introduce evidence showing that the defendant had on previous occasions permitted payments upon this policy after the expiration of a six-months period, and recovery was had upon the theory that the defendant had waived the right to insist upon prompt payments. I am clearly of opinion that it was error to permit of evidence of waiver, if the evidence was sufficient to establish waiver, under a pleading which alleged full performance of the conditions. Burr v. Union Surety & Guaranty Co., 86 App. Div. 545, 547, 83 N. Y. Supp. 756, and authorities there cited.

The judgment appealed from should be reversed, with costs, and a new trial ordered; costs to abide the event. All concur.