NETTIE BUTLER, Respondent, *v.* MICHIGAN MUTUAL LIFE INSURANCE COMPANY, Appellant.

INSURANCE (LIFE) — BREACH OF WARRANTY — FALSE STATEMENTS TO MEDICAL EXAMINER AS TO HEALTH OF INSURED — INSURANCE COMPANY NOT BOUND BY TRUE STATEMENTS MADE TO SOLICITING AGENT. The fact that the insured disclosed to the soliciting agent of a life insurance company the true state of his health and physical condition before going to the medical examiner is not a good reply in an action brought on the policy issued to him, to the defense of a breach of warranty, in that statements made by him to the medical examiner were false; especially where it appears from the application that the only information to be obtained by the agent related to the occupation, age, place of birth and other insurance; and that inquiries as to the health of the insured, his previous or existing ailments, former attention by physicians and similar matters were exclusively within the domain of the medical examiner and were wholly beyond the scope of the solicitor's duties or functions; so that notice or information as to the health or physical condition of the insured given to the soliciting agent could not bind the company.

*Butler* v. *Michigan Mutual Life Ins. Co.*, 93 App. Div. 619, reversed.

(Submitted March 13, 1906; decided March 20, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 27, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas Watts* and *Abram F. Servin* for appellant. The false statements in question being warranties, knowledge on

22

338        Butler. *v*. Mich. Mut. Life Ins. Co.  ·    [Mar.,

Opinion of the Court, per Cullen, Ch. J.        [Vol. 184.

the part of any agent of the company will not aid plaintiff to recover. (*Foote* v. *A. L. Ins. Co.*, 61 N. Y. 571 ; *Cushman* v. *U. S. L. Ins. Co.*, 63 N. Y. 404 ; *Schane* v. *M. L. Ins. Co.*, 76 App. Div. 271 ; *Barteau* v. *P. L. Ins. Co.*, 67 N. Y. 595 ; *Clemans* v. *Supreme Assembly*, 131 N. Y. 485.)    The court erred in charging that if the soliciting agent, Freeman, had full information in regard to the truth and did not insert it in the application, the plaintiff could recover. (*Russell* v. *P. Ins. Co.*, 176 N. Y. 178 ; *Hackett* v. *Supreme Council*, 44 App. Div. 524 ; *O'Farrell* v. *M. L. Ins. Co.*, 44 App. Div. 554.)

*Henry Bacon* for respondent.    The writer of the application was the agent of the defendant. (*Ins. Co.* v. *Wolff*, 95 U. S. 326 ; *Whited* v. *G. Ins. Co.*, 76 N. Y. 415 ; *Robbins* v. *S. F. Ins. Co.*, 149 N. Y. 477 ; *Quinn* v. *M. L. Ins. Co.*, 10 App. Div. 483.)    The knowledge of the agent was the knowledge of the defendant, his principal. ( *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 434 ; *Whited* v. *G. Ins. Co.*, 76 N. Y. 415 ; *Miller* v. *P. M. Ins. Co.*, 107 N. Y. 292 ; *O'Brien* v. *H. B. Society*, 117 N. Y. 310 ; *Sternaman* v. *M. Ins. Co.*, 170 N. Y. 13 ; *Quinn* v. *M. Ins. Co.*, 10 App. Div. 483 ; *Hayes* v. *S. & W. Ins. Co.*, 81 App. Div. 287.)

Cullen, Ch. J.    The action was brought to recover the amount of a life insurance policy ; the defense breach of warranty, in that the statements made to the medical examiner were false.    As the decision of the Appellate Division was unanimous, and there are no exceptions to rulings on evidence, the only question before us arises on the charge of the trial court.    But that question goes to the whole merits of the case.

The falsity of the answers to the questions by the medical examiner was proved by the defendant and not controverted on the trial.    To avoid the effect of this defense, the plaintiff gave testimony tending to prove that the true facts concerning the health of the insured had been disclosed to one Freeman, a soliciting agent of the defendant, before the insured went to the medical examiner for examination.    As to

1906.]     Butler v. Mich. Mut. Life Ins. Co.     339

N. Y. Rep.]     Opinion of the Court, per Cullen, Ch. J.

what transpired before the medical examiner as to what answers were made- by the insured to the questions propounded him there is no proof except the answers as written in the application and signed by the insured. Freeman denied that the insured had disclosed to him the true facts concerning his health and previous medical attendance. The case went to the jury on the sole issue of the disclosures to Freeman, the learned trial court charging: "If the agent of the insurance company — if there was disclosed to him by the deceased the facts in regard to the medical attendance upon him, and the statements or facts as to what he was suffering from, the complaint from which he was suffering, and the agent of the company did not choose to put it down or don't write down, put it all down, why that does not defeat the recovery upon the insurance policy. Now, the agent, Mr. Freeman, to whom it is claimed those statements were made, denies it, and that raises the question flatly." To this charge the defendant excepted. The court was requested to instruct the jury "That the agent, Mr. Freeman, had no right to record his (insured) answers to the medical questions, or as to the physical condition." This was refused, and the defendant excepted.

By the written application the insured warranted that the statements contained therein, as well as those made to the medical examiner, whether written in his own hand or not, should form the basis of the contract of insurance, and that if untrue or fraudulent that should avoid the policy. The evidence concerning the scope of Freeman's agency is most meagre, but such as it is shows that he was merely a soliciting agent. There is nothing to warrant an inference that he was anything more. The only testimony given by the plaintiff on the subject, or indeed given by either party, was of a witness who was present when the insured signed the application, who said: "As I understand it, Mr. Freeman was the agent of this company. I heard him and my brother talk over the matter of this insurance." On the application is indorsed: "Recommended by C. S. Freeman, agent, Williams Parsons, superintendent." In the application is found written

in large type, " ☞ Before sending this application to the Home Office, be sure each and every question is answered and that the age and date of birth agree." There was no proof or suggestion on the trial that Freeman was authorized to effect insurance, or to issue policies, and what has been quoted from the application negatives any such claim. Indeed, it seems to have been assumed on the trial that Freeman was a mere soliciting agent, as appears by the charge of the court.

The question is, therefore, sharply presented whether the disclosure to the soliciting agent of an insurance company of the true state of the health and physical condition of the insured is a good answer to the defense of breach of warranty by reason of the falsity of the responses to the questions propounded by the medical examiner. We have recently held that if the insured truly answers the questions and the medical examiner records those answers erroneously or falsely, such falsity will not avoid the policy, and that is unquestionably the law of this state. (*Sternaman* v. *Metr. Life Ins. Co.*, 170 N. Y. 13.) That, however, is not the question in this case. As already said, there is no evidence, except the application itself, as to how the questions by the examiner were answered. Even if there were such evidence it would not affect the case before us, because the trial court charged that a disclosure to Freeman was sufficient. It is a fundamental principle in the law of agency that for information given an agent to be attributable to his principal the information must be imparted to the agent in the course of his agency. As appears from the instrument the only part of the application to be obtained by the agent related to the occupation, age, place of birth, other insurance or application for the same, and similar matters. Inquiry as to the health of the deceased, his previous or existing ailment, former attendance by physicians and the like fell exclusively within the domain of the medical examiner. Such inquiries lay wholly beyond the scope of the solicitor's duties or functions. " The knowledge or notice must come to an agent who has authority to deal in reference to those matters which the knowledge or notice affects, and

whose duty it, therefore, is to communicate it to his principal." (Mechem on Agency, § 725; *Welsh* v. *German-American Bank*, 73 N. Y. 424.) "The principle that notice to an agent is notice to the principal is quite familiar, but is only applicable to cases in which the agent is acting in the course of his employment." (*Weisser's Admrc.* v. *Denison*, 10 N. Y. 68.) Under this rule it is plain that notice or information given to Freeman on a subject which lay beyond the scope of his agency, did not charge the defendant. Had Freeman been authorized to effect insurance and issue policies, a very different question would be presented.

The judgment should be reversed, a new trial granted, costs to abide the event.

GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur; WILLARD BARTLETT, J., not sitting.

Judgment reversed, etc.