(158 App. Div. 682.)

GORMAN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

1. INSURANCE (§ 645*)—ACTION ON POLICY—ISSUES AND PROOF.

Where, in an action on a life policy, the complaint made the entire policy a part thereof by reference, alleging that plaintiff had performed all the conditions and obligations required by the contract, the application for which contained a warranty that the declarations made to the medical examiner were correct and wholly true, and it was admitted that the insured at the time of the application had been under treatment for epilepsy, and a year after the policy was issued was adjudged a lunatic, and shortly thereafter died, plaintiff was not entitled to prove under the pleadings that she and insured did not answer any of the questions involving

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the health and mental condition of the latter, and that such noninsurability was known to defendant's agents who procured the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1632–1644; Dec. Dig. § 645.*]

2. INSURANCE (§ 378*)—HEALTH OF APPLICANT—NONINSURABILITY.

Since notice to an agent is not notice to the principal, unless the agent's knowledge is acquired in connection with his acts as agent, notice to a soliciting agent of a life insurance company of the physical condition of an applicant, which was such that the contract could not have been consummated without operating as a fraud on the insurer, was not notice to it; all inquiries concerning the applicant's physical condition being within the exclusive jurisdiction of the medical examiner.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 968–997; Dec. Dig. § 378.*]

Appeal from Albany County Court.

Action by Mary Gorman against the Metropolitan Life Insurance Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Martin T. Nachtmann, of Albany, for appellant.

Robert W. Scott, of Albany (Nathaniel Niles, of Albany, of counsel), for respondent.

WOODWARD, J. [1] The plaintiff brings this action to recover the sum of $500 upon a policy of insurance issued by the defendant upon the life of Thomas P. Gorman, payable to the plaintiff. The policy bears date of May 17, 1910, and the insured died on the 16th day of November, 1911. The complaint, in addition to the formal allegations, avers on information and belief that "on or about the 17th day of May, 1910, the said defendant, Metropolitan Life Insurance Company, entered into a contract with Thomas P. Gorman, and issued a policy of life insurance upon the life of said Thomas P. Gorman in the sum of $500; which policy is known as No. 1371924 C, and plaintiff refers to said original policy for all the conditions and qualifications therein expressed, and makes it a part of this complaint;" that the plaintiff is the mother of said Thomas P. Gorman, and the beneficiary named in the policy, and that "on or about the 16th day of November, 1911, the said Thomas P. Gorman died, and proofs of his death were duly received and accepted by the said defendant as required by said contract and policy, and that the said Thomas P. Gorman and the plaintiff have performed all the conditions and obligations required of them, or either of them, in and by the said contract and policy." The complaint then alleges the nonpayment of the same, and demands judgment.

The answer admits the incorporation of the defendant and the refusal to pay the sum of $500, and denies knowledge or information sufficient to form a belief as to the remaining allegations of the complaint, with some immaterial exceptions so far as any question here involved is concerned. The defendant sets up as a defense that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

policy in suit was issued upon the basis of the answers, statements, and representations contained in the printed and written application for said policy, signed by said Mary Gorman and Thomas P. Gorman, which application was a part of said contract of insurance, and all of which statements, answers, and representations therein referred to were made to induce the defendant to issue the said policy, and as a consideration therefor and said policy was issued and accepted upon the declaration and agreement that the statements, answers, and representations in said application, and those made to the medical examiner, were correct and wholly true, and that they should form the basis of the contract of insurance, if one be issued. It then alleges that the contract never became operative because of the falsity of the statements made in reference to the previous physical condition of the insured, setting out various specific matters.

Upon the trial the plaintiff proved the formal facts in relation to the policy and death of the insured, and rested. It was stipulated that the policy of insurance was issued, and that such policy might be admitted in evidence; that the said Thomas P. Gorman, the insured mentioned in said application and policy, was an inmate of, and under treatment for fits or epilepsy in, an institution under the supervision of the state of New York, known as the Craig Colony, from the 4th day of October, 1909, to the 7th of October, 1909; that the physician's certificate necessary to obtain admission to said institution was signed by Dr. M. D. Stevenson, of Albany, N. Y.; that thereafter and upon a verified petition of the plaintiff herein, dated July 18, 1911, the said Thomas P. Gorman was duly adjudged a lunatic, and was confined in a state institution up to the time of his death.

The stipulated facts practically established the defendant's defense, but upon a motion to dismiss the complaint the learned trial court permitted the plaintiff to reopen the case for the purpose of establishing that the soliciting agents of the defendant company knew of the facts as they then appeared in the case before the policy was issued. There was no amendment of the pleadings; the complaint alleged a full compliance with the terms and conditions of the policy; the policy being made a part of the complaint. The policy, with the application constituting a part of the same, contains statements, purporting to have been made by the insured to the medical examiner, which are directly contradictory of the stipulation above referred to, and which, if disclosed to the defendant's officers would undoubtedly have prevented the issuing and delivery of the policy, and just how the plaintiff, under her pleadings, could be heard to say that the policy under which she claimed was not the real contract entered into by the insured we are unable to understand. No fraud or bad faith is alleged in the complaint. It sets forth a valid policy upon its face, based upon statements alleged to have been made by the insured to the medical examiner, and which are set forth in the policy under which the claim is made, and without which the policy would not have been issued. Conceding upon the trial that these statements were false, what possible right, under her pleadings, had she to show that the policy, with its applica-

tion constituting a part of the contract, was not in fact the contract which was made? She claimed the right to recover upon the policy just as it appeared upon its face; there was no suggestion of any excuse for nonperformance of any of the conditions, but an allegation that both she and the insured had performed all of the conditions imposed by the contract, one of which was that the insured had agreed—

"that the foregoing statements and answers, and also the statements and answers to the medical examiner, are correct and wholly true, and that they shall form the basis of the contract of insurance if one be issued."

This condition of the policy, according to the plaintiff's subsequent testimony, has not been performed because she says that the insured did not answer any of these questions involving his health and mental condition. If he did not, then the contract, as alleged in the complaint as having been fully performed on the part of the insured, has not been performed in this particular; the insured has never made truthful answers to the questions asked, and which it is agreed in the application shall form the basis of the contract. The defendant was not called upon to anticipate a claim which had not been pleaded; the plaintiff alleged the making and delivery of the contract set forth as a part of the complaint, and she has been permitted to recover upon an entirely different theory—upon the theory that some other and different contract was made. The principle still remains that the judgment to be rendered by any court must be "secundum allegata et probata;" and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated. Wright v. Delafield, 25 N. Y. 266, 270. No suggestion is made in the pleadings of a waiver on the part of the defendant; the contract is pleaded as it stands, with the alleged answers of the insured constituting a part of the contract, and the court has permitted the plaintiff to recover upon the theory that the defendant, through its agents, has waived this part of the contract, because of the alleged knowledge of these agents that the answers were not true. Such proof was clearly inadmissible, and there was error in receiving the same over the objection of the defendant. Garlick v. Metropolitan Life Ins. Co., 109 App. Div. 175, 95 N. Y. Supp. 645.

[2] We are of the opinion that the court erred in refusing to charge, as requested, that:

"If the jury believe the statements of the plaintiff and her witnesses that the insured or the plaintiff disclosed to the soliciting agent or soliciting agents of defendant the true state of his health and physical condition before going before the medical examiner, or of his having been an inmate of Craig Colony for epilepsy, such evidence is not binding on the defendant, and any such notice or information as to the health or physical condition of the insured given to such soliciting agents is not knowledge chargeable to the defendant."

There can be no doubt that under a proper pleading it might be shown that the medical examiner had failed to report correctly the answers given him upon the examination, and that such answers were in fact truly made, and such a mistake or fraud would be chargeable to the defendant, but that the knowledge of mere soliciting agents, who have nothing to do with the issuing of the policy or with the inquiry into the physical condition of the insured, is notice to the company is not supported by reason or authority. Notice to an agent is not notice to the principal unless the agent's knowledge is acquired in connection with his acts as agent, and it clearly appears in this case that the soliciting agents were not called upon to know anything of the physical condition of the applicant; all inquiries in this regard being made by the medical examiner. This is clearly the doctrine of the court in Butler v. Michigan Mutual Life Insurance Co., 184 N. Y. 337, 77 N. E. 398, and the defendant was entitled to have the law stated to the jury, though the error of admitting the testimony could not have been cured by the charge if made as requested. The refusal of the court merely emphasizes the original error.

It is clear that Thomas P. Gorman was not a legitimate risk at any time involved in this transaction; the contract could not have been consummated without operating as a fraud upon the defendant, and, while it is probably true that the defendant would be liable if the fraud was perpetrated by the medical examiner, the pleadings in this case did not, and do not now, open the way for any such proof. The cause of action alleged assumes a legitimate policy just as it stands, and the proof offered shows that the policy pleaded never had any existence, accepting the plaintiff's own version, for the insured made none of the answers which are accredited to him, and he has not performed the conditions precedent to the issuing of the policy on which the action is predicated.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.