### LINZEE v. FRANKFORT GENERAL INS. CO. OF FRANKFORT–ON–THE–MAIN, GERMANY.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. APPEAL AND ERROR (§ 960*)—QUESTIONS REVIEWABLE—REFUSAL TO COMPEL REPLY TO SEPARATE DEFENSES—DISCRETION OF COURT.

Where defenses alleged in the answer are apparently good by way of avoidance, the court on appeal may review the exercise by the trial court of the discretion conferred by Code Civ. Proc. § 516, authorizing the court in its discretion, where an answer contains new matter, to direct a reply.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825, 3832–3834; Dec. Dig. § 960.*]

2. INSURANCE (§ 266*)—WARRANTY—CONTRACT.

An insurance warranty is a part of the contract, and must be in the policy, and it states the agreed limits of the obligation as a finality, and excludes questions of reasonableness or probable intent of the parties.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 561; Dec. Dig. § 266.*]

3. INSURANCE (§ 296*)—BURGLARY INSURANCE—WARRANTY—NONRESPONSIVE ANSWERS.

The answer, "Widow," in response to the question as to the occupation of applicant for a burglary policy, is not responsive; and proof that she

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was a married woman is not proof of breach of warranty of the policy, stipulating that it is made in consideration of statements in the schedule, which insured makes and warrants to be true.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 674; Dec. Dig. § 296.*]

4. INSURANCE (§ 641*)—ACTION—ANSWER—"NEW MATTER"—REPLY.

An answer, in an action on a burglary policy, that insured has overestimated her loss by fraudulent claim, made up to defraud insurer, does not allege "new matter," within Code Civ. Proc. § 516, authorizing the court to direct a reply to new matter constituting a defense by way of avoidance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1626, 1628, 1629; Dec. Dig. § 641.*

For other definitions, see Words and Phrases, vol. 5, pp. 4786, 4787.]

Appeal from Special Term, Queens County.

Action by Nancy B. Linzee against the Frankfort General Insurance Company of Frankfort-on-the-Main, Germany. From an order denying a motion to compel plaintiff to reply to the first and second separate defenses of the answer, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Joseph L. Prager, of New York City (Sidney S. Levine, of New York City, on the brief), for appellant.

Samuel H. Wandell, of New York City, for respondent.

PUTNAM, J.   Defendant's policy, issued to plaintiff, insured her against loss by burglary, larceny, or theft of money or effects in her residence at 8 Thirty-First street, Whitestone, Long Island. Her complaint annexed a copy of the policy, which has a recital that it is made in consideration of the statements in the schedule, "which statements the assured makes and warrants to be true by the acceptance of this policy." Defendant's answer, admitting the issue of the policy, with denials as to the loss, sets up as separate defenses: First, that plaintiff warranted her occupation was that of a widow, whereas in fact her husband was still living; second, that plaintiff has overstated her loss by a fraudulent claim, made up so as to cheat and defraud defendant.

[1] Defendant's application to require plaintiff to reply under section 516 of the Code of Civil Procedure was denied by the court at Special Term, and from this order defendant appeals. If these defenses are apparently good by way of avoidance, we have power to review this exercise of discretion by the court below.   Schweitzer v. H. A. P. A. Gesellschaft, 149 App. Div. 900, 134 N. Y. Supp. 812; Weglein v. Trow Directory P. & B. Co., 152 App. Div. 705, 709, 137 N. Y. Supp. 556.

[2, 3] An insurance warranty, being a part of the contract, must be in the policy itself.   Pawson v. Watson, Cowper, 785.   By way of particular description, condition, or otherwise, it states the agreed limits of the obligation as a finality which excludes all argument as to reasonableness or probable intent of the parties.   Here defenses

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are based on such warranties, by printed specifications with the written answers (in a schedule which in form resembles application for insurance), but are all expressly incorporated by reference in the policy. Some of these specifications are answered by "yes" and "no"; others draw forth longer explanations.

After defendant's interrogatories had related to the character of the premises, and how occupied, inquiries follow as to the business address, and then the occupation, of the assured. The specification as to her business address was left blank; but in the space after assured's occupation was written the word "Widow," plainly not responsive. As applied to a person, occupation is the means followed to gain a livelihood, as a business or employment. Whether a person be married or single—one whose former marriage had been dissolved by death or by decree—is impertinent to such inquiry as to occupation of the assured. Hence, "Widow" may have been written, not as an answer, but as a reason for not answering. If the insurer's specification had not been properly met, so that the answers were incomplete, it might decline to issue its policy unless it had these particulars (Dohn v. Farmers' Joint Stock Ins. Co., 5 Lans. 275, 278; Mulville v. Adams [C. C.] 19 Fed. 887, 891); but it cannot stand on such defects after the policy has been issued. In Higgins v. Phœnix Mutual Life Ins. Co., 74 N. Y. 6, 9, it was said:

"The answer is not responsive in terms to the interrogatory, and does not profess to give the information asked. If it was not satisfactory to the defendant, a fuller and more explicit answer should have been required."

See, also, Carson v. Jersey City Ins. Co., 43 N. J. Law (14 Vroom) 300, 39 Am. Rep. 584; 2 Cooley, Briefs on the Law of Insurance, 1149, 1150.

Writing into this schedule matters which did not touch the question that defendant asked is not a meeting of the minds; and if the minds did not meet, there can be no warranty. As the basis for a warranty fails, the personal disclosure thus volunteered at most had but the effect of a representation. Hence the matter set up as a first defense is not well pleaded, since the terms of the schedule annexed to the policy show no warranty as to whether or not plaintiff was in fact a widow. The present answer does not plead such misstatement as a representation, because it is not alleged to have been material to the risk, and relied upon by defendant in issuing its policy.

[4] The second defense (fraudulent overstatement of loss) calls for no reply. It is not new matter. A reply denying such overstatement would simply reiterate the allegation of the complaint as to the true amount of the loss. Burr v. Union Surety & Guaranty Co., 86 App. Div. 545, 83 N. Y. Supp. 756; Sullivan v. Traders' Insurance Co., 169 N. Y. 213, 62 N. E. 146.

I advise that the order be affirmed, with $10 costs and disbursements. All concur.