JOHN SMITH, Respondent, v. MAURICE SIMMONS, as Property Clerk of the Police Department of the City of New York, Appellant.— Order of the Appellate Term, affirming an order and judgment of the Municipal Court of the City of New York, Borough of Brooklyn, affirmed, with costs. (See Rader v. Simmons, ante, p. 415, decided herewith.) Lazansky, P. J., Carswell and Johnston, JJ., concur; Taylor and Close, JJ., dissent and vote to reverse the order of the Appellate Term and the order and judgment of the Municipal Court, Borough of Brooklyn, and to direct judgment in favor of defendant, dismissing the complaint. (See dissenting memoranda in Rader v. Simmons, ante, pp. 415, 421, and Rivera v. Simmons, ante, p. 887, decided herewith.) [See post, p. 958; 265 App. Div. 937.]

MARY E. STRANGE and JOSEPH STRANGE, Respondents, v. MARTIN'S, INC., Appellant, and Another, Defendant. — Action by plaintiff-wife to recover damages for personal injuries and by her husband for loss of services and medical expenses. Plaintiff-wife sustained the injuries complained of when she slipped and fell on a marble step in the ladies' rest room on the mezzanine floor of appellant's store. It was plaintiffs' claim, and their proof showed, that plaintiff-wife was caused to fall because of fecal matter on the floor of the lavatory, which got on her shoes, and also because there was water on a marble step, caused by the overflowing of one of the toilets. The jury rendered a verdict for plaintiffs, and the appeal is from the judgment entered thereon and from an order denying appellant's motion to set aside the verdict and for a new trial. Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Appeal from order denying appellant's motion to set aside the verdict and for a new trial dismissed, without costs. In our opinion there is no evidence of actual or constructive notice to the appellant of the alleged dangerous condition. The most that plaintiffs showed on this phase of the case was that about an hour and a half before plaintiff-wife was injured another customer of the appellant — a friend of the plaintiff-wife — had occasion to go into the rest room in question and at that time the lavatory floor and marble step were wet, and that this condition of the floor and step was reported immediately to a woman on the main floor who, we assume, was an employee of appellant. Notice to this employee does not constitute notice to appellant in the absence of proof that this employee was charged with the supervision of the rest room or that the matter came within the scope of her authority. (Butler v. Michigan Mut. Life Ins. Co., 184 N. Y. 337, 430; Kuhn v. City of New York, 274 id. 118; Ford v. Grand Union Co., 268 id. 243.) We are also of the opinion that it would be unreasonable to hold the appellant liable upon the theory of constructive notice solely upon proof that the floor was wet for so short a period of time. (Cohen v. Elmont Cemetery, Inc., 262 App. Div. 1029; affd., 288 N. Y. 558, and cases cited.) Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., not voting.