Aron Steuer, J.
Plaintiff sues on a life insurance policy. Defendant pleaded separate defenses all alleging that the deceased insured misrepresented Ms physical condition. Plaintiff has served a reply which in addition to denials contains three separate defenses to the new matter contained in defendant’s answer. Defendant moves to dismiss these “ defenses.” Actually they are not defenses but pleas in confession and avoidance but the shorter description adopted by the parties will be used.
*636 Plaintiff’s first point is that the validity of these defenses has been passed upon in a prior motion to dismiss. All that was adjudicated on that motion was that the defenses did not contain new matter and that they were improper in form. Nothing therein decided is controlling of any question raised on this application.
The first defense is based on waiver. It fails in two respects. A proper pleading of waiver requires allegations that defendant was aware of certain facts and being aware of them elected not to fake advantage of them (Werking v. Amity Estates, 2 N Y 2d 43). Here, the fact that defendant would have to be aware of was that the deceased misrepresented his condition or failed to give complete answers on his application. There is no allegation that he did so. Actually, plaintiff is at some pains to avoid such an allegation. Unless that is alleged as a fact it is impossible to allege that defendant was aware of it. Instead plaintiff seeks to allege that defendant was aware of the true facts, reserving to himself what the true facts were. Also there is no allegation that defendant knew these facts. It is alleged that the person who solicited the insurance knew them. His knowledge is not the company’s (Gorman v. Metropolitan Life Ins. Co., 158 App. Div. 682). Plaintiff relies on McClelland v. Mutual Life Ins. Co. (217 N. Y. 336). There, knowledge was imputed from unusual authority given to the agent. No such facts appear here.
The second defense is estoppel. It alleges that the conduct of the defendant prevented the insured from getting other insurance. Here again, it is essential to allege that defendant acted with knowledge and the allegations fall short just as they do in the first defense.
The third defense is that defendant had the deceased examined by a physician and that he knew or should have known of the misrepresentation and that the defendant conducted an investigation wherein it obtained or should have obtained all necessary information. There is a vast distinction here between what defendant knew and what it should have known. Defendant was not obliged to discover anything (Cherkes v. Postal Life Ins. Co., 285 App. Div. 514). If actual knowledge is claimed that does not of itself constitute an additional defense. It is merely one of the elements to be pleaded by way of waiver or estoppel and in this pleading would be a part of the first or second defenses.
Motion granted with leave to plaintiff to serve an amended . reply on or before March 9, 1960 on payment of $20 costs.