Mrs. JOSEPHINE I. LUMMUS v. FIREMEN'S FUND INSURANCE COMPANY.

(Filed 9 December, 1914.)

1. **Insurance—Automobiles—Stipulations—Material Inducements—Consideration.**

Stipulations contained in a policy of insurance on automobiles, relating to matters which influence the insurer in accepting the risk and fixing the rate of premium, are held to be material, and will avoid liability thereunder when disregarded by the insured, without the necessity for the insurer to show that their infraction contributed to the loss.

2. **Same—Change of Location.**

Stipulations of a policy of insurance on an automobile in consideration of a reduced rate of premium, requiring that the machine shall be kept at the private stables or garage of the insured on his certain premises, with certain privileges respecting its location while en route or being cleaned and repaired, are held to be material and valid, and a recovery on the policy will be denied under the circumstances of this case, where a change of the location had been made permanent without the knowledge of the insured, and the automobile had been destroyed by the burning of a machine shop where it had been left by the owner.

APPEAL by plaintiff from *Adams, J.*, at March Term, 1914, of MECKLENBURG.

Civil action. From the judgment rendered, plaintiff appealed.

*Maxwell & Keerans, J. W. Hutchison for plaintiff.*
*Smith, Hammond & Smith, Osborne, Cocke & Robinson for defendant.*

BROWN, J. This is an action to recover on a policy of insurance issued by the defendant upon an automobile. The defendant pleads, first, that the action was not brought within one year; second, that there was a breach of the private garage warranty; and, third, that proof of loss was not filed within sixty days. It is only necessary that we should consider the second defense.

The policy contains this provision:

"*Private Garage Warranty.*—In consideration of the reduced rate at which this policy is written, it is understood that the property insured hereunder shall at all times be kept or stored in the private garage or private stable, situate in rear of residence, No. 1412 Third Avenue, Columbus, Ga. Privilege, however, to operate car and to house in any other building or buildings for a period of not exceeding fifteen days at any one location at any one time, providing the car is en route, visiting, or being cleaned or repaired."

It appears from the statement of facts that after the said policy of insurance was issued and delivered, and without the knowledge or consent of the defendant, the plaintiff, during the month of June, 1911,

removed said automobile from the private garage or private stable in the rear of residence No. 1412 Third Avenue, Columbus, Ga., to Charlotte, N. C., where it remained for a period of five or six months until it was placed in the machine shop of the Gibbs Machinery Company in Columbia, S. C., as hereinafter mentioned.

That said automobile, while in Charlotte, N. C., for the period above mentioned, was not en route from Columbus, Ga., nor was it visiting, nor being cleaned or repaired, but, on the contrary, its removal from the location aforesaid in Columbus, Ga., was permanent.

That on __ December, 1911, the plaintiff placed said automobile in the machine shop of the Gibbs Machinery Company of Columbia, S. C., to be painted and repaired.

That the said automobile remained in the said machine shop of the Gibbs Machinery Company at Columbia, S. C., until 10 January, 1912, when it was destroyed by fire which originated in said machine shop.

The contention of the defendant is that the policy became forfeited because of this breach of the private garage warranty. The plaintiff contends that the breach of warranty was immaterial, because it in no way contributed to the loss, citing Revisal, sec. 4808. This position is untenable. In construing that section, this Court has held that in application for a policy of insurance every fact stated will be deemed material which would materially influence the judgment of an insurance company either in accepting the risk or in fixing the rate of premium. *Bryant v. Ins. Co.,* 147 N. C., 181.

It is further held in the same case that it is not necessary, in order to defeat a recovery upon such policy of insurance, that a material misrepresentation by the applicant must be shown to have contributed in some way to the loss for which indemnity is claimed. See, also, *Fishblate v. Fidelity Co.,* 140 N. C., 589.

Nothing is better settled than that the location of the property insured is essentially material in contracts of insurance and enters largely into the consideration of the company in fixing the rate of premium. The clause of the policy in this case, containing this warranty, expressly declares that a reduced rate of premium is granted because of the insertion of this provision in the contract. The contention of the plaintiff that the policy could remain dormant for six months and then be revived suddenly because the property was burned up in a repair shop is utterly untenable.

When the owner took the automobile away from the garage in Columbus it was not for a temporary purpose. There was a removal of the property permanently to another State, which, under the provisions of the policy which we have cited, rendered the contract of insurance void.

The judgment of the Superior Court is

Affirmed.