L. Black Company, Respondent, *v.* London Guarantee and Accident Company, Ltd., Appellant.

Fourth Department, December 30, 1919.

Insurance — credit insurance — pleading — complaint stating cause of action for breach of policy — new matter constituting defense — when no reply required — condition not made condition precedent by terms of policy — proof of waiver — principal and agent — when insurance company bound by knowledge of general agent — assurance by agent that doubtful claim need not be reported to insurers.

A plaintiff suing for the breach of a policy of credit insurance which is made part of the complaint who alleges a loss under the policy, the amount thereof, and the failure of the defendant to perform its contract by paying the loss after demand, and that the plaintiff has duly performed the terms and conditions of the contract, sets out everything required to be alleged in the complaint in such action and is not bound to anticipate that the defendant will set up as a defense a breach of warranty in the application for the policy.    The burden of proof on the defense of a breach of warranty in the application is on the defendant and it is bound to plead and prove the same.

Where the defendant pleads a breach of warranty in the application it is new matter to which a reply is not required, and under section 522 of the Code of Civil Procedure it is deemed to be controverted by traverse or avoidance as the case requires.

Hence, although the plaintiff has not alleged a waiver, it may prove that before signing the application for the policy it notified the defendant's general agent in regard to the fact that the plaintiff with other creditors of a certain person had taken over his goods for the purpose of handling his business to pay his debts and that at the time of the application it could not be ascertained whether the claim would be a loss and that said general agent told the plaintiff it need not state the fact in the application for the policy.

*It seems,* that the rule aforesaid would not apply to the pleading where certain facts were made conditions precedent by the terms of the policy of insurance and in such case the plaintiff must plead and prove said facts, or plead and prove a waiver thereof.

Where it appears that the agent who induced the plaintiff to take out the policy in the defendant's company had been furnished by the defendant with stationery indicating that he was its general agent, which stationery was used in correspondence both with the plaintiff and the defendant, and after the policy had been issued said agent, acting on information received from the plaintiff, notified the defendant that a certain other customer of the plaintiff had been adjudged a bankrupt, and the defendant, acting on said information, increased the rate of the policy, which increase was paid

by the plaintiff, so as to make the policy less desirable for the plaintiff and more desirable for the defendant, it was for the jury to say on all the evidence whether the agent was the general agent of the defendant so that the latter was bound by notice to the agent of the claim against a customer which the plaintiff and other creditors had extended at the time the application for the policy was made, and by the assurance by the agent that the fact need not be communicated to the defendant.

FOOTE and DE ANGELIS, JJ., dissent.

APPEAL by the defendant, London Guarantee and Accident Company, Ltd., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 11th day of December, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of January, 1919, denying defendant's motion for a new trial made upon the minutes.

*King, Waters & Page* [*E. J. Page* and *Eugene Raines* of counsel], for the appellant.

*Werner & Harris* [*Hiram R. Wood* of counsel], for the respondent.

HUBBS, J.:

This is an action upon a policy of credit insurance. The complaint is in the usual form. It alleges the contract of insurance, which is referred to and made a part of the complaint. It also alleges the loss under the policy and the amount thereof, and the failure of the defendant to perform its contract by paying the loss after demand for the same. It also contains a general allegation that the plaintiff has duly performed all the terms and conditions of the contract.

The defendant, in its answer, admits the issuing of the policy and sets up as an affirmative defense that the application upon which the policy was issued required the plaintiff to state its gross sales and losses for each of the five preceding years; alleges that the plaintiff's losses from July 1, 1909, to June 16, 1910, the date of the application, were more than $8,959.05, the amount thereof as stated in the application; that the statement as to the amount of such losses contained in the application was false and known by the plaintiff to be false at the time when made, and that such false statement constituted a breach of warranty.

The plaintiff introduced the policy in evidence, proved the amount of its loss, that payment was due under the policy, that a demand for the same had been made and that it had not been paid.

The defendant then offered evidence to the effect that prior to June 16, 1910, the plaintiff had suffered a loss on a claim known as the Edwards claim, amounting to over $9,000, which was not included in the statement of losses made by the plaintiff in the application.

The plaintiff thereupon offered evidence to the effect that, when the application was made out and before that date, Mr. Baxter, who received the application from the plaintiff, was the general agent of the defendant and that he was informed in regard to the facts connected with the Edwards claim and stated that it need not be reported as a loss in the application. Those facts were that the plaintiff and other creditors of Edwards had taken a bill of sale of his stock of goods for the purpose of handling his business and using the proceeds to pay his debts, and that it was not known on the 16th of June, 1910, at the time when the application was made out, whether or not the claim would be a loss. This evidence was objected to by the defendant on the ground that it was not within the issue, as the plaintiff had not pleaded a waiver, and also on the ground that Mr. Baxter was not a general agent of the defendant and that his acts and knowledge were not binding upon the defendant. The evidence was received and the defendant duly excepted.

It is now urged by the defendant that it was error to receive such evidence and also that the evidence received was not sufficient to make a question of fact for the jury as to Baxter's agency.

This is the second trial of this action. On the first trial a verdict was directed by the trial court for the plaintiff on the theory that the evidence showed as a matter of law that the Edwards claim, at the time the application was made out, was not a loss, and that there was no breach of warranty or misrepresentation by the plaintiff in failing to report it in the application. The Court of Appeals held, however, that under the evidence on the first trial the Edwards claim was a loss and should have been reported in the application. It reversed the judgment and granted a new trial. (*Black Co.* v. *London*

*Guarantee & Accident Co., Ltd.,* 159 App. Div. 186; 216 N. Y. 560.)

The plaintiff alleged everything required to be alleged in a complaint in an action of this nature. The plaintiff was not bound to anticipate that the defendant would set up as a defense a breach of warranty in the application. The burden of proof on the defense of a breach of warranty in the application was on the defendant and it was bound to plead and prove such breach of warranty. (*Jacobs* v. *Northwestern Life Assurance Co.,* 30 App. Div. 285; affd., 164 N. Y. 582; *Murray* v. *New York Life Ins. Co.,* 85 id. 236; *Cahen* v. *Continental Life Ins. Co.,* 69 id. 300; *Piedmont, etc., Life Ins. Co.* v. *Ewing,* 92 U. S. 377; 23 Law. Ed. 610, 815, n.)

Under section 522 of the Code of Civil Procedure, an allegation of new matter in an answer to which a reply is not required is deemed to be controverted by the plaintiff by traverse or avoidance, as the case requires. The affirmative defense set up in the defendant's answer in the case at bar was clearly new matter and it would seem, under the provision of the Code, that the plaintiff would have a right to meet that new matter so set up without any amendment of the pleadings. In fact, it has been so held in many cases. (See cases cited *supra;* also *Grattan* v. *Metropolitan Life Ins. Co.,* 80 N. Y. 281, 294; *Sullivan* v. *Traders' Ins. Co.,* 169 id. 213; *Arthur* v. *Homestead Fire Ins. Co.,* 78 id. 462; *Dwight* v. *Germania Life Ins. Co.,* 103 id. 341; *McGuire* v. *Hartford Fire Ins. Co.,* 7 App. Div. 575, 586; affd., 158 N. Y. 680; *Breese* v. *Metropolitan Life Ins. Co.,* 37 App. Div. 152, 159; *American Credit Indemnity Co.* v. *Wood,* 73 Fed. Rep. 81; 1 Clement Fire Ins. 448; Richards Ins. [3d ed.] § 117, p. 154; Elliott Ins. § 118, p. 102.)

The same rule does not apply in regard to pleading certain facts which are made conditions precedent by the terms of the policy. Those facts the plaintiff must plead and prove or plead and prove a waiver thereof. In some insurance policies it is provided that proofs of loss must be served upon the company in a certain form and within a certain time, and that the loss shall not be payable until a stated time after service of such proofs of loss; also that no action shall be brought unless commenced within a certain time after the loss. By the wording of such policies those things become conditions

precedent to the right to recover. They make the contract a conditional contract and it is necessary for the plaintiff to allege and prove the performance of such conditions precedent, or to allege and prove a waiver of such performance by the defendant. (*Furlong* v. *Agricultural Ins. Co.*, 45 N. Y. St. Repr. 856; 18 N. Y. Supp. 844; *Williams* v. *Fire Association of Philadelphia*, 119 App. Div. 573; *Sharpe* v. *Milwaukee Mechanics' Ins. Co.*, 8 id. 354; affd., 158 N. Y. 696; *Clemens* v. *American Fire Ins. Co.*, 70 App. Div. 435; 1 Clement Fire Ins. 447, rule 60; 2 Beach Ins. § 1315, p. 791.)

Confusion has arisen over this question because of the failure to note the distinction between the two classes. The appellant relies upon the case of *Gorman* v. *Metropolitan Life Ins. Co.* (158 App. Div. 682). Certain things are said in the opinion in that case which are in conflict with the authorities cited above and the rule laid down in the opinion is the rule that is applicable to the second class of cases referred to, that is, the cases where the plaintiff is required to allege and prove performance as a part of his case. The opinion seems to be in conflict with the holdings of the Court of Appeals to the effect that a breach of warranty contained in an application is an affirmative defense to be pleaded by the defendant and that such a defense may be met by the plaintiff by evidence of waiver, as such new matter is deemed to be controverted by the plaintiff under section 522 of the Code of Civil Procedure. We feel bound by such decisions, and, therefore, hold that the court did not commit error in receiving the evidence of the plaintiff upon the question of waiver.

It is urged by the appellant, however, that even though the evidence upon that subject was properly received, it failed to make a question for the jury as to the agency of Mr. Baxter. The plaintiff had carried a credit insurance policy in the American Credit Indemnity Company for five years before the date of the application for the policy in question here. The policy in that company had been solicited by Mr. Baxter, who was soliciting insurance for that company during such period. Shortly before the date of the application he had changed companies and had asked the plaintiff to place its insurance through him in the defendant company, and the plaintiff had consented to do so. Mr. Baxter was a member

of the firm of Baxter & Gilbert, having an office at 621 University Block, Syracuse, N. Y. In January, 1910, a customer of the plaintiff at Duluth, Minn., became involved financially and executed and delivere to the plaintiff and other creditors a trust deed or extension agreement, by which he turned over to them his stock of goods and assets to be reduced to cash and applied on the accounts of the plaintiff and the other creditors. Evidence was given by witnesses for the plaintiff to the effect that in January that transaction was called to the attention of Mr. Baxter in an effort to determine whether or not it should be reported to the American Credit Indemnity Company, in which the plaintiff was insured at the time and for which company Mr. Baxter had solicited the policy; and it appeared that on June 16, 1910, that claim had not been reported to the American Credit Indemnity Company as a probable loss.

The application in question was made out in the handwriting of Mr. Baxter, and while making it out a question arose about the sixth question on the application, which reads as follows: " (6) We do not know of anything detrimental to the credit or standing of any customer or prospective customer which would affect this policy, except as follows: " After this question Mr. Baxter wrote: " No accounts under general extension." Mr. A. W. Black, one of the officers of the plaintiff, said: " I cannot sign the application with that statement in it because the Edwards account of Duluth, Minnesota, is under general extension and you know it, Mr. Baxter. We called your attention to it when the trust deed was given last January." Mr. Baxter then drew his pen through both question and answer.

In the application Mr. Baxter wrote that the losses from July 1, 1909, to date were $8,959.05, " showing amount owing. as accounts stand today." The plaintiff's business year did not expire until July first. This amount, of course, did not include the Edwards claim.

On June nineteenth or twentieth the plaintiff received a letter to the effect that the Edwards account had become an actual loss. This was three or four days after the application had been signed. A few days after the application had been signed the plaintiff received a letter dated at Chicago on June

21, 1910, on a letter head of the defendant insurance company, which read: "We beg to acknowledge, through our Mr. Baxter, your proposal for a policy of credit insurance for $10,000, and to advise that the same has been duly considered, accepted and policy will come forward through Mr. Baxter in due course." This letter was signed by the defendant's general superintendent.

On or about June twenty-fifth the plaintiff received a letter signed "Baxter & Gilbert, General Agents," in which they inclosed the insurance policy in question. The letter was written upon a letter head of the defendant company and, in red ink, under the name of the company was printed the firm name, "Baxter & Gilbert, General Agents."

On June thirtieth, in response to a letter from the plaintiff, Mr. Baxter went to its store in Rochester. Mr. A. W. Black testified that on that occasion he called Mr. Baxter's attention to two large accounts which had been reported to the American Credit Indemnity Company as probable losses between June sixteenth and the date of the interview. Those were the Edwards claim referred to and a claim known as the Berman account. Mr. Black testified that he told Mr. Baxter that he had heard before he signed the application on June sixteenth that a petition in involuntary bankruptcy had been filed against Berman, but that he was advised that it was a spite matter and that the account was good, and that, relying on such information, he had not reported it as a probable loss to the American Company; but that after he had signed the application on June sixteenth an adjudication in bankruptcy had been made against Berman. At the same time he called Mr. Baxter's attention to the fact that he had been advised by the attorneys in Duluth that the Edwards account would be a loss, and he asked Mr. Baxter if it would be necessary to take these matters up with the defendant and Mr. Baxter replied that it would not; that the application on June sixteenth was made in good faith and that it was not necessary to report either matter to the company or to change the application in any way. Mr. Baxter left the plaintiff's store and returned to Syracuse, and the next day wrote the plaintiff that he had been thinking the matter over and that the claim where the customer had been petitioned into bankruptcy

before June sixteenth should be called to the attention of the company. That letter was written on a letter head of the defendant insurance company, with the name, "Baxter & Gilbert, General Agents," printed upon it. On the same day a letter was written by Baxter, upon the same kind of a letter head, to the defendant, calling defendant's attention to the loss where the customer had been petitioned into bankruptcy, the Berman account. The letter was signed, "Baxter & Gilbert, General Agents."

Thereafter Mr. Baxter called upon the plaintiff and obtained the policy, which he had previously delivered to it. He sent the policy to the defendant and the initial rate or percentage of loss was raised to one and one-half per cent. On August tenth the policy was returned to the plaintiff in a letter dated that day and signed, "Baxter & Gilbert, General Agents." The initial rate or percentage of loss when the policy was first issued was one and one-quarter per cent, according to the testimony of Mr. A. W. Black. Mr. Baxter testified that it was one and one-third per cent. In any event, the rate had been increased, and on the margin of the policy, opposite the alteration in the rate, the initials "F. W. L." had been written. "F. W. L." were the initials of F. W. Lawson, the general manager of the defendant comapny. The effect of the change in the rate was to make the policy a less desirable policy for the plaintiff and a more desirable policy for the defendant to issue. When the policy was first delivered to the plaintiff it had stamped upon it with a rubber stamp the words, "Baxter & Gilbert, General Agents, 621 University Bldg., Syracuse, N. Y.," so that, when the general manager of the company made the change in the rate on the policy, he had in his possession the policy upon the face of which was stamped the statement that Baxter & Gilbert were general agents. It also appeared that there was, from 1909 until the date of the trial, a sign on the door of the office of Baxter & Gilbert in the University Building at Syracuse which read, "London Guarantee & Accident Co., Baxter & Gilbert, General Agents." Mr. Baxter testified that the letter heads which he used were furnished to him by a department of the defendant. It appeared that at least three letters were written by Baxter &

Gilbert to a department of the defendant upon which were printed the words, "Baxter & Gilbert, General Agents," and that those letters were signed, "Baxter & Gilbert, General Agents."·

From this evidence we believe that the jury was justified in finding that Mr. Baxter was a general agent of the defendant insurance company and that the defendant insurance company was bound by the knowledge of Mr. Baxter in regard to the Edwards claim.  The defendant took advantage of information obtained by Mr. Baxter in the interview on June thirtieth to change the policy in question.  That information, in regard to the Berman loss, was different from the information given in the original application and by relying on that information outside of the application and changing the policy to its own advantage it secured a benefit.  It is true that Mr. Baxter testified that he was only a solicitor and that the defendant offered other evidence along that line.  We think, however, that under all the evidence it was a clear question of fact for the jury and that their verdict is justified by the evidence.

If the information which Mr. Baxter obtained in regard to the Edwards loss was the information of the company, then, of course, the company could not successfully defend this action because the Edwards loss was not included in the statement of losses in the application.  It was left out and not reported,.if the plaintiff's version is true as the jury has found that it is, because Mr. Baxter advised that it be left out and because he advised that it was not a loss.  To permit the defendant now to escape liability upon that ground would be to work a fraud upon the plaintiff.  (*McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336.)

In the case of *Lewis* v. *Guardian Fire & Life Assurance Co.* (181 N. Y. 392) it was held that indorsements upon a policy of the name of a firm followed by the word " agents " made by an officer of the insurance company, constituted constructive evidence of the firm's agency.  In this case it does not appear that the words, " Baxter & Gilbert, General Agents," were stamped upon the policy by an officer of the defendant company, but it does appear that the policy was in the hands of the general manager of the defendant company with that indorsement upon it and that the general manager made an alteration in the policy increasing the rate and returned the

policy, and it does appear that the defendant company received letters upon letter heads stating that Baxter & Gilbert were general agents of the defendant company which letters were signed, " Baxter & Gilbert, General Agents."

In *Whipple* v. *Prudential Insurance Co.* (222 N. Y. 39) the defendant insurance company referred in letters to the person with whom the plaintiff was negotiating as " our manager." It was held that this designation of such person as " manager " and the adoption of his acts permitted the inference that he was the agent of the defendant and that his acts were those of the company. The court said: " The designation of ' manager ' implies general powers. It could not be held, as a matter of law, that he did not possess, as general agent, general powers." In this case the defendant availed itself of the information gained by Baxter in his interview of June thirtieth about losses which were not reported to the defendant on the application for the policy. As a result of that information, it changed the rate of the policy to its advantage and reissued the policy.

We think that no errors were committed upon the trial which require a reversal of the judgment.

All concur, except Foote and De Angelis, JJ., who dissent.

Judgment and order affirmed, with costs.