CARL A. JOHNSON, Appellant, *v.* UNITED FIREMEN'S INSURANCE COMPANY OF PHILADELPHIA, Respondent.

Fourth Department, December 5, 1923.

Insurance — automobile theft insurance — plaintiff's automobile was wrecked in collision — parts were stolen during plaintiff's temporary absence — burden of proof is on defendant to show breach of contract by plaintiff — plaintiff not required by policy to protect against theft before theft occurred.

In an action to recover on a policy of insurance covering the theft of an automobile or the parts thereof, in which it appeared that the plaintiff's automobile was wrecked in a collision with a railroad train and that during plaintiff's

absence of less than two hours many of the parts were stolen, the burden of proof is on the defendant to sustain an allegation that the plaintiff failed to carry out the terms of the contract in that he did not remove the automobile for a long time after the accident.

A clause in the policy requiring the plaintiff in the event of a loss to protect the property from "further loss or damage" did not require him to protect the automobile against theft prior to the occurrence of a theft.

APPEAL by the plaintiff, Carl A. Johnson, from a judgment of the County Court of the county of Chautauqua, entered in the office of the clerk of said county on the 6th day of August, 1923, affirming a judgment of the City Court of Jamestown in favor of the defendant.

*Jackson, Manley & Herrick* [*Henry S. Manley* of counsel], for the appellant.

*Mott & Ottaway* [*Lee L. Ottaway* and *McKinley L. Phillips* of counsel], for the respondent.

CLARK, J.:

This is an action on a policy of insurance which contained a clause providing for protection to the assured from the perils of theft of his property. The case was tried originally in the City Court of Jamestown, and resulted in a verdict in favor of defendant, and from the judgment entered thereon plaintiff appealed to the Chautauqua County Court, and the judgment was affirmed.

The policy was issued on plaintiff's automobile and provided that the policy covered the automobile and accessories in case they were stolen. The policy also provided that in. the event of loss or damage the assured should protect the property from further loss or damage.

On the evening of September 4, 1922, when plaintiff was returning to his home from a dance, in company with three young women, his car was wrecked as the result of a collision with a train on the Erie railroad.

Immediately after the wreck plaintiff and his friends were taken to their homes in Jamestown, the automobile in the meantime being left by the side of the railroad track where it had been in collision with a train.

After leaving his companions plaintiff returned to the scene of the accident in less than two hours after it occurred, and discovered that during his temporary absence many of the parts belonging to the automobile had been stolen, and he brings this action under the theft clause of the policy to recover the value of such articles.

By its answer defendant alleges that plaintiff failed to carry

**37**

out the conditions of the contract of insurance, in that he failed to remove the automobile for a long period of time after the accident, and that whatever loss was incurred by plaintiff resulted entirely from his failure to protect his property from theft, robbery and pilferage.

This was an allegation of a breach of an agreement on the part of plaintiff to protect the property in case of loss, as provided in the policy, and the burden of proving such breach was on the defendant. (*Black Co.* v. *London Guarantee & Accident Co., Ltd.,* 190 App. Div. 218; *Jacobs* v. *Northwestern Life Assurance Co.,* 30 id. 285; affd., 164 N. Y. 582.)

I am persuaded that plaintiff was not obliged to guard the property in question until there had been either a fire or a theft. The so-called salvage clause of the policy provides: " In the event of loss or damage occasioned by a peril insured against here n, the assured shall protect the property from *further* loss or damage, and any such *further* loss or damage occurring directly or indirectly from a failure to protect shall not be recoverable under this policy."

This obligation to protect arose after there had been a fire or theft, as the above clause of the policy clearly points out.

Up to the time plaintiff met with the accident there had been no theft of his automobile or any of its accessories. During a reasonable and temporary absence the principal part of the loss by theft occurred.

After returning from Jamestown where he had left his guests, plaintiff discovered that portions of his automobile had been stolen. It was then that the obligation to guard the property attached, but before there had been a theft there was no such obligation for the reason that the salvage clause provides in so many words that " in the event of loss or damage occasioned by a peril insured against herein " assured shall protect the property from further loss, etc.

There is no pretense that any considerable loss occurred after the theft of the articles during plaintiff's temporary absence from the wreck.

The judgment should be reversed on the law and the facts and a new trial granted in the City Court of Jamestown, with costs to appellant to abide the event.

All concur.

Judgment of Chautauqua County Court and judgment of Jamestown City Court reversed on the law and facts and new trial granted in the Jamestown City Court, with costs in this court and in the County Court to the appellant to abide the event.