GERARDO SICA, PLAINTIFF, v. THE HOME INSURANCE COMPANY, NEW YORK, A CORPORATION, AND INDUS- TRIAL ACCEPTANCE CORPORATION, A CORPORATION, DEFENDANTS.

Submitted October 17, 1929—Decided January 2, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Nicholas La Vecchia.*

For the defendant, *Arthur T. Vanderbilt.*

PER CURIAM.

This is a suit on a fire insurance policy covering an auto-mobile. The plaintiff had judgment.

The policy was issued May 13th, 1926, and contained the following warranty: "(3) The automobile will be used for private use and business calls and is usually kept in garage located in New Brunswick."

At the trial the plaintiff testified that he never lived in New Brunswick and that the car was never at any time kept in a garage in New Brunswick from the date of the issuance of the policy. On the contrary, he stated that the car at all times from the issuance of the policy was kept in a garage in Newark.

His brother, Angelo, however, testified that from May 13th, 1926, to sometime in August, 1926, he lived at No. 19 Lefebre avenue, New Brunswick, and that during that time he had kept the car in a private garage in the rear of this house. He further stated that from sometime in August, 1926, to

the date of the loss, April 1st, 1927, a period of nine months, the car was kept in garages in the city of Newark.

"When the facts are not in dispute and the inference from them are not in doubt, the question at issue is one of law for the court." *Belcher* v. *Manchester Building and Loan Association*, 74 *N. J. L.* 833, 839.

It is not in dispute that for months the car was not kept in a private garage in New Brunswick. It is no more than reasonable that a fire insurance company should select the place of its risk.

The words "usually kept" have an ordinary meaning. A car may be usually kept in New Brunswick and yet be covered when it may be at some other point by reason of the owner's travel or convenience. But if it is never kept in New Brunswick or not for nine months, by no stretch of imagination can it be said to be usually kept in New Brunswick.

We further are of the opinion that the usual place of the risk was a warranty in the usual sense of that term. Courts do not write better contracts than parties agree to. *Smith* v. *Fidelity and Deposit Co.*, 98 *N. J. L.* 534, 536. Locality is an essential part of a fire risk. Many insurance companies will insure only a certain number of risks in a given neighborhood for obvious reasons. If the insured desires to permanently place his property in a different locality he can consult the insurance company about the change.

The rule will be made absolute.