CHRIST KECK and Another, Respondents, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Fourth Department, June 7, 1933.

*Eugene Van Voorhis,* for the appellant.
*John C. Little, Jr.,* for the respondents.

EDGCOMB, J. This action is brought to recover upon a policy of insurance issued by the defendant, Metropolitan Life Insurance Company, upon the life of Cyril Keck. The plaintiffs, Christ Keck and Margaret Keck, were named as beneficiaries. The policy was issued February 4, 1931. The insured died November 13, 1931.

The company defends upon the ground that the policy is void because of the untruth of a statement of a material fact made by the insured when he said in his application for insurance that he had not been attended by a physician during the past five years.

The burden of proving a breach of warranty, or the falsity of a material representation, rests on the defendant. Such a defense must be affirmatively alleged and proven. (*Black Co.* v. *London Guarantee & Accident Co., Ltd.*, 190 App. Div. 218, 221; affd., 232 N. Y. 535; *Jacobs* v. *Northwestern Life Assurance Co.*, 30 App. Div. 285; affd., 164 N. Y. 582; *Murray* v. *New York Life Ins. Co.*, 85 id. 236; *Van Valkenburgh* v. *American Popular Life Ins. Co.*, 70 id. 605.)

We think that the defendant has met this burden, and has established, by uncontradicted and unimpeached evidence, that the insured, in his application for the policy in suit, misstated a material fact, and that there can be no recovery here.

In the application for insurance we find the following question and answer: "Have you been attended by a physician during the last five years? If yes, give name of complaints, dates, how long sick, and names of physicians. No."

This answer was false. The insured had been attended by a physician less than nine months before he made application for the policy in question. On May 18, 19 and 20, 1930, the insured was sick, and was confined to his home and to his bed. Dr. Tucker, a Rochester physician, was called to treat him on these three occasions. The doctor was not permitted to tell us what he treated his patient for, owing to an objection interposed by the plaintiffs that the witness could not divulge such information because of the inhibition imposed by section 352 of the Civil Practice Act.

So while the record is silent as to what particular disease, infirmity, ailment or indisposition the insured was suffering with at the time, the undisputed evidence shows that less than nine months before the date of the policy in suit the insured was sick, and was confined to his bed, and that on three occasions a physician was called and actually treated him, and left medicines for him to take. The doctor was not prohibited by the statute from stating that the insured was sick when he attended him. (*Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449; *Patten* v. *U. L. & A. Ins. Assn.*, 133 id. 450, 453; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461, 463.)

This is not the case where the record leaves it in doubt as to the object of Dr. Tucker's visit to the home of the insured in May, 1930. Concededly the doctor went there to see Mr. Keck professionally, and actually treated him for some ailment. The conventional relationship of doctor and patient was established between the two.

The application for the insurance in question was signed by the insured, and was attached to the policy and made a part thereof. The statements made by the applicant for the insurance constituted representations (Insurance Law, § 58), and, if they related to a material fact, one which constituted an inducement for the contract of insurance, and if they were untrue, they vitiated the policy, even if they were innocently made and if the insured had no intent to defraud the company. (*Eastern District Piece Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441, 449, 450.)

Defendant was not compelled to insure the life of Cyril Keck. Before deciding whether it would accept the risk or not, the company was entitled to such information as it desired concerning the insurability of such life, and the applicant was bound to truthfully answer any question put to him by the company upon that subject. True an applicant for insurance is subjected to a physical examination by a medical examiner of the company, but that would only disclose infirmities and diseases with which he was suffering at the time, and, in some instances, not all of those. The medical history of an applicant, both as to present and past ailments and illnesses, is absolutely essential to enable an insurance company to intelligently pass upon the desirability of a risk. No part of such history is more important or material to the company than that relating to prior treatments by physicians. It is not for the applicant to decide whether the matter concerning which he has consulted a physician was serious or trivial. The insurance company is entitled to determine that question for itself. If, as was the case here, an insured can, by a false answer, deceive the insurance company, and keep from it information that he had been attended by a physician on three successive days less than nine months before he applied for the policy, and the company is thereby prevented from ascertaining the facts, and then, when it learns that the answer is false, it is precluded on the trial of an action to recover on the policy from showing the nature of the illness for which the insured was treated, because of an objection on the part of the beneficiary named in the policy, the way is made easy to defraud the company.

The plaintiffs have produced no witnesses and have given no evidence to contradict Dr. Tucker's testimony that the insured was sick in May, 1930, and that he was treated by a physician

at that time, nor have they attempted to show that the insured was suffering on that occasion from a mere temporary or trivial upset, one which in no way affected his general health. There is no proof whatever to overcome the *prima facie* case made out by the defendant.

The misrepresentation regarding medical attention by physicians, which was made by the insured in the instant case, was something which would naturally and reasonably influence the judgment of the defendant in deciding whether it would write this policy or not, or in fixing the premium to be paid, and was material to the risk as a matter of law, and it having been established by the uncontradicted and unimpeached evidence that such statement was false, the policy is void, and there can be no recovery thereon. (*Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333; *Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 id. 289, 293; *Stanulevich* v. *St. Lawrence Life Association*, 228 id. 586; *Travelers Ins. Co.* v. *Pomerantz*, 246 id. 63; *Saad* v. *New York Life Ins. Co.*, 201 App. Div. 544; affd., 235 N. Y. 550; *Klapholtz* v. *New York Life Ins. Co.*, 218 App. Div. 695.)

We have not overlooked the case of *Krauza* v. *Golden Seal Assurance Society* (221 App. Div. 380; affd., 247 N. Y. 536). That case, however, has, in our opinion, been overruled by later decisions, especially by *Minsker* v. *John Hancock Mut. Life Ins. Co.* (254 N. Y. 333).

For the reasons stated we think there can be no recovery here on this policy, and that the judgment appealed from should be reversed and the complaint dismissed.

All concur.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.