FRANK MARONE, PLAINTIFF-APPELLANT, v. HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, DE-FENDANT-RESPONDENT.

Argued October 22, 1934—Decided January 10, 1935.

For the plaintiff-appellant, *Isadore Rabinowitz.*

For the defendant-respondent, *Arthur T. Vanderbilt* (*G. Dixon Speakman,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The trial in the court below resulted in a directed verdict for the defendant and from the judgment entered thereon the plaintiff appeals. The pleadings allege that the plaintiff owned a policy of insurance

on his automobile, issued by the defendant company, protecting him against financial loss arising from fire or theft of same; that the insured property was stolen and when discovered was found to be partly destroyed by fire. The answer of the defendant seeks to avoid liability on the insurance contract on the ground that the plaintiff breached certain warranties of the policy.

The first breach of warranty charged concerned the location of the insured automobile; the second concerned its ownership, the point being that the plaintiff was not, as represented in the policy, the unconditional owner of the automobile. The court found that both statements as to (a) where the auto would be kept and (b) the plaintiff's unconditional ownership of same, were warranties and that they had been breached, and the directed verdict resulted. The appeal challenges the action of the trial court on both these questions.

As to the first statement of the contract, with which we are concerned, it cannot be gainsaid that the policy, under the heading "warranted by the assured," reads, "5. The automobile described is usually kept in Private Garage, located Park Ave., Newark, N. J.," and that in fact the car had not been kept at *that* location for at least seven months prior to the happening upon which the claim is based. It was kept at Singac, New Jersey, and at Paramus, each of which locations is in a different county and some miles away from the place mentioned in the contract.

This condition, as to location, was written into the policy as a *warranty* by the assured. It is part of the contract which the parties made, in language that is plain and unmistakable and free from ambiguity as to what the intention of the parties was. It is an express warranty, affirmative in character as to the facts to which it applies and it is fundamental that the breaking of an express warranty avoids the contract whether it be of insurance or any other sort of contractual obligation.

It is argued that the warranty was merely one *in præsenti* and that the representation as to location, since it was in fact

true (the car having been garaged at Newark) at the time the contract was written, its subsequent breach did not void the policy. This view is illogical and unsound. The location of an insured auto is a material element in a contract providing for its insurance. The parties here so regarded it to the extent of writing in the location at which the car would be kept as a warranty. Contracts may not be changed materially without notice and assent of the parties and continue to preserve their inviolability. If the location of the property in question was of no consequence and recognized as immaterial by the parties, it is fair to assume that the contract would not label a statement of such location as a warranty or at all bother about such a condition.

Concerning this particular contract as written, we construe the words of the warranty "usually kept" as a present and future covenant, promissory in legal significance and therefore a continuing warranty. Where, therefore, as here, the assured permanently changed the location of the insured property, from the location where he warranted in the contract it is "usually kept," without notice to and assent of the insurer, he cannot recover, since by his own breach the contract of indemnity is avoided. The court will not write better or more favorable contracts for parties than they have themselves seen fit to make. *Kupfersmith* v. *Delaware Insurance Co., 84 N. J. L.* 271. The breaching of a promissory warranty terminates the contract of insurance from the time of the breach, unless the breach be condoned, just as the untruth of a warranty breaches any contract.

In view of the nature of the automobile and its use, there is a divergence of opinion throughout the country as to whether its location or garaging should not be considered as merely descriptive and not requiring a construction that a statement of location constitutes an essential and continuing warranty. (See, particularly, *L. L. & G. Insurance Co.* v. *Georgia A. & S. Co., 29 Ga. App.* 334; 115 *S. E. Rep.* 138.) After much thought, we are of the opinion the view expressed in the case before us represents the sounder legal principle.

We conclude therefore that the trial court was correct in

directing a verdict on the ground which we have discussed. It follows that it is unnecessary to consider the other ground urged for reversal and we do not pass upon that legal question at this time.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.