LULU M. GEER, Respondent, *v.* UNION MUTUAL LIFE INSURANCE COMPANY, Appellant. (Action No. 1.)

LULU M. GEER, Respondent, *v.* UNION MUTUAL LIFE INSURANCE COMPANY, Appellant. (Action No. 2.)

Fourth Department, May 13, 1936.

*Crandall Melvin* [*Charles A. Lee, Jr.*, of counsel], for the appellant.

*George R. Fearon* [*Gordon H. Mahley* of counsel], for the respondent.

LEWIS, J. The defendant appeals from two judgments awarding to the plaintiff the full amount claimed by her as sole beneficiary under insurance policies issued upon the life of her husband, George H. Geer, who died November 14, 1933, from carbon monoxide gas poisoning.

Denying liability, the defendant asserts that in the written applications signed by the insured certain material false representations were made which vitiate the two policies in suit. If such misrepresentations were in fact material to the risk, even though innocently made and without fraud, they constitute a defense to these actions. (Insurance Law, § 58; *Eastern District Piece Dye Works, Inc.*, v. *Travelers Ins. Co.*, 234 N. Y. 441, 449, 450.)

We thus reach the first question presented by this appeal — whether upon the evidence now before us the materiality of the alleged misrepresentations should have been determined as matter of law. Stated otherwise, was the trial court legally justified in submitting to the jury the question of materiality as one of fact?

A careful review of the record indicates to us that throughout the trial it was plaintiff's effort to disclose rather than conceal the facts and circumstances relating to instances of alleged misrepresentations by the insured of which defendant gave proof. Take for example the evidence which was introduced pertaining to the following questions contained in the applications for insurance and the answers by the insured:

" 5. Have you ever had, or been told by physician you had — * * *

" D. Diarrhœa, Dysentery, Dyspepsia, (Chronic), Jaundice, Liver Disease, Colic (severe), Gallstones, Fistula, Peritonitis, Ulcer of Stomach or Bowel, or any Disease of the Abdominal Organs?

" D. [Answer] No.

" M. Have you had any treatment within the last five years at any dispensary, hospital or sanatorium? If yes, give dates, duration, name of ailment and name of institution.

" M. [Answer] Right mastoidectomy — 9 yr. ago — Syr. Memorial Hospital — Complete recovery few weeks. Dr. T. H. Halstead, Syracuse, N. Y. * * *

" Give name and address of each physician consulted by you during the past ten years, and cause for consultation.

" [Answer] Dr. N. G. Darling, 31 North State St., Chicago, Ill. Nervousness."

In an effort to sustain its claim that each of the above answers by the insured was a material false representation, the defendant called Dr. Alvin J. Spire, who testified that in 1928, more than four years prior to the date of the applications now in question, he had treated the insured for an illness which he then diagnosed as para-typhoid, a disease which he stated involved that part of the abdominal organs which constitute the gastro-intestinal tract. The defendant also proved that in the course of such treatments and under the direction of Dr. Spire, the insured became a patient in a hospital where he was subjected to various laboratory tests, one of which gave evidence of " a slight leucocytosis "—" mild anemia."

The plaintiff did not attempt to bar this testimony by invoking the privilege afforded by section 352 of the Civil Practice Act. Furthermore, when the defendant failed to give detail proof as to the nature of the ailment for which the insured had been treated by Dr. Spire, it was the plaintiff who introduced in evidence the hospital charts and records which gave accurate data bearing upon his condition. In addition the plaintiff called the director of the bureau of municipal laboratories which, in 1928, upon orders from Dr. Spire, had made tests of specimens of the insured's blood, urine and feces. Although Dr. Spire then diagnosed the ailment as para-typhoid, the plaintiff's proof is undisputed that in each test for para-typhoid A and B and for typhoid of any type the laboratory report was negative.

This evidence and the further proof which relates to other alleged misrepresentations by the insured does not indicate a purpose by the plaintiff to suppress the truth or to conceal or evade facts connected with those incidents. Instead of invoking section 352 of the Civil Practice Act, which in many instances would have barred defendant's further inquiry, the plaintiff, throughout the trial, not only allowed an unrestrained search for the facts but by affirmative evidence supplied details which were lacking in defendant's proof and which in several instances proved to have significant value in her favor.

Viewed in its entirety we cannot say that the record is such as to permit us to rule as matter of law that the alleged misrepresentations by the insured were material; nor do we find a single instance where defendant's proof made the materiality of the misrepresentation clear and manifest when viewed in the light of plaintiff's evidence.

The record does not fall within the rule which was applied by this court in *Keck* v. *Metropolitan Life Insurance Co.* (238 App. Div. 538; affd., 264 N. Y. 422). There we noted a total absence of a type of proof of which there is an abundance in the case at bar.

A significant comment in that regard is to be found in the opinion by Justice EDGCOMB (pp. 539, 540):

" The doctor was not permitted to tell us what he treated his patient for, owing to an objection interposed by the plaintiffs that the witness could not divulge such information because of the inhibition imposed by section 352 of the Civil Practice Act.

" So while the record is silent as to what particular disease, infirmity, ailment or indisposition the insured was suffering with at the time, the undisputed evidence shows that less than nine months before the date of the policy in suit the insured was sick, and was confined to his bed, and that on three occasions a physician was called and actually treated him, and left medicines for him to take. * * *

" If, as was the case here, an insured can, by a false answer, deceive the insurance company, and keep from it information that he had been attended by a physician on three successive days less than nine months before he applied for the policy, and the company is thereby prevented from ascertaining the facts, and then, when it learns that the answer is false, it is precluded on the trial of an action to recover on the policy from showing the nature of the illness for which the insured was treated, because of an objection on the part of the beneficiary named in the policy, the way is made easy to defraud the company.

" The plaintiffs have produced no witnesses and have given no c: .dence to contradict Dr. Tucker's testimony that the insured was sick in May, 1930, and that he was treated by a physician at that time, nor have they attempted to show that the insured was suffering on that occasion from a mere temporary or trivial upset, one which in no way affected his general health. There is no proof whatever to overcome the *prima facie* case made out by the defendant."

Likewise there is significance in a comment to be found in the opinion in *Minsker* v. *John Hancock Mutual Life Insurance Co.* (254 N. Y. 333). In discussing certain clinical treatments which the insured in that case had been afforded and which were cited as proof of an alleged material misrepresentation, Judge HUBBS states (p. 336): " The nature of his illness and the remedies prescribed by the physicians were not disclosed. Testimony in regard to those matters was excluded upon the objection of plaintiff's counsel upon the ground that it was incompetent under section 352 of the Civil Practice Act." (See, also, *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63, 69; *Nowak* v. *Brotherhood of American Yeomen*, 249 id. 78, 82.)

We reach the conclusion upon this branch of the case that the evidence before the trial court was such as to present a question of fact whether the alleged misrepresentations by the insured were material to the risk and that the determination of that question by the jury was not against the weight of evidence.

We also conclude that the finding by the jury that the death of the insured was not suicidal was in accord with the weight of evidence.

Finally we believe that the trial court properly denied defendant's motion for a new trial upon the ground of newly-discovered evidence. We are not convinced that by the exercise of ordinary diligence the evidence sought to be introduced into the case could not have been discovered before or during the progress of the trial. It was then available to the defendant from its own official records and was within the knowledge of its officers. Furthermore the evidence would serve only to discredit witnesses called by the plaintiff and accordingly will not support such a motion. (*Collins* v. *Central Trust Co. of Rochester*, 226 App. Div. 486, 487.)

The judgments and orders from which appeals are taken should be affirmed, with costs.

In action No. 1: All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment and order affirmed, with costs.

In action No. 2: All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment and order affirmed, with costs.