## CONNECTICUT INDEMNITY CO. v. HOWE et al.

### No. 1448—O'C.

District Court, S. D. California, Central Division.

Oct. 6, 1941.

Maynard Garrison, of Los Angeles, Cal., for plaintiff.

Vernon W. Hunt, of Parker & Stanbury, of Los Angeles, Cal., for William Volker & Co., of Los Angeles, Inc., and Leslie Butterbaugh.

N. E. Halaby, of Oxnard, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

This is an action for declaratory relief. The plaintiff, Connecticut Indemnity Company, issued to the defendant, Fred F. Howe, an agreement of indemnification of the type and classification known as a combination automobile policy. This policy indemnified Fred F. Howe, the assured, against loss from liability imposed by law upon him for damages on account of bodily injury accidentally suffered by any person not employed by the assured when the accident causing the injury was one occurring within the conditions, terms and limitations of the policy.

On the 22nd of January, 1941, at about 2:00 o'clock P. M., the defendant, Fred F. Howe, while operating his Buick sedan automobile in the city of Los Angeles, county of Los Angeles and state of California, came into collision with a truck owned by William Volker & Company of Los Angeles. At the time of the accident Elaine Burke and Rose Maple were riding in the automobile with the said Fred F. Howe. Injuries were sustained by Elaine Burke, Rose Maple and Leslie Butterbaugh, operator of the truck. The plaintiff claims that the insurance policy does not cover the liability of Fred F. Howe for any damages sustained because of said accident for the reason that Fred F. Howe changed his occupation from that of a bartender at Dinah's Shack, Palo Alto, California, to that of operating an automobile driving school and personally teaching individuals how to drive automobiles; and violated the provision of the insurance contract which provided that the automobile insured "will be principally garaged and used in the above Town, County and State, unless otherwise specified herein". The town specified was Palo Alto. Plaintiff further claims that the defendant changed his residence from Palo Alto to Glendale, California, without notice to the plaintiff and without plaintiff's consent.

The evidence is undisputed that the defendant, Howe, for one month prior to the date of the accident in Los Angeles, was living either in Hollywood or in Glendale, in the county of Los Angeles and state of California, and that he was engaged during part of such time, in operating an automobile driver's school. When the defendant was asked if it were his intention to continue to live in Los Angeles, his answer was, "I can't say about that". This statement was made in defendant's deposition on May 2, 1941.

During all of the time defendant was in Los Angeles he was driving a Buick automobile which was originally insured by the plaintiff. The indefinite statement of the defendant, coupled with the physical fact of his residing in Los Angeles and vicinity, and the further fact that he was attempting to establish himself as a teacher in giving automobile driving lessons, leads to but one conclusion and that is that defendant, Howe, had changed his residence to Los Angeles or vicinity and that his automobile was no longer principally garaged and used in the town of Palo Alto, California. Purcell v. Pacific Auto. Insurance Co., 19 Cal. App.2d 230, 64 P.2d 1114; Kindred v. Pacific Auto. Insurance Co., 10 Cal.2d 463, 75 P.2d 69; Marone v. Hartford Fire Insurance Company, 114 N.J.L. 295, 176 A. 320; Lummus v. Firemen's Fund Insurance Company, 167 N.C. 654, 83 S.E. 688, L.R.A. 1915D, 239; North River Insurance Company v. Lewis, 137 Va. 322, 119 S.E. 43; Sica v. Home Insurance Company of New York, 148 A. 170, 8 N.J.Misc. 35.

Therefore, the court finds:

(1) That the plaintiff has no obligation whatever to the defendant, Fred F. Howe, nor to any of the other defendants, either to furnish representation to the defendant, Fred F. Howe, or to investigate said accident, or to defend said actions if any are filed, or to pay any judgment that may be rendered against the defendant, Fred F. Howe.

(2) That the terms of the combination automobile policy, Exhibit "A", attached to the complaint, have been breached by the insured and that the policy was on January 22, 1941, void and of no effect.