## Porter v. Fidelity & Guarantee Fire Insurance Corp. of Baltimore

*E. E. Petrillo*, for plaintiff.
*English, Quinn, Leemhuis & Tayntor*, for defendant.

EVANS, J., February 26, 1942.—Plaintiff, a resident of North East Township, Erie County, Pa., purchased from defendant, on January 25, 1938, an insurance policy including a tornado rider, indemnifying plaintiff against windstorm on a "one story frame, composition roofed building, with adjoining and communicating additions, and irremovable fixtures while occupied as general store, gas station and dwelling, and situate s/s of East Buffalo Rd., North East Twp., 4 miles east of North East Boro, at the New York-Pennsylvania State Line." Provision also was made for indemnity against similar loss to groceries, confectionery, furniture and fixtures while contained in said building. On May 10, 1940, a windstorm occurred by reason whereof the insured building was damaged to an amount which has been agreed upon in the sum of $1,787.

Defense is made against liability for the reason that, at the time of the damage, the building was no longer occupied as a general store, gasoline station and dwelling, or resting upon the cement foundation at the location insured. It is alleged and not denied that the building was removed to a new location about 600 feet westwardly, 150 feet southwardly, and, at the time of the damage, was resting on wooden blocks. There was an open space under the building; a porte-

cochere had been removed, and the risk of damage from wind is alleged to have been materially increased. It is claimed that no notice was given by plaintiff of the intended removal, nor was consent by or on behalf of defendant given.

Plaintiff's reply admits the facts set forth in defendant's answer, except to the effect that the risk of damage was materially increased by the removal and that notice of removal was not given the company. With regard to notice, plaintiff's reply is as follows: ". . . that such notice was given to the said company through its agent at North East, Pennsylvania." Plaintiff also avers that the contract of insurance did not require such notice to be given, or that consent was to be obtained for such removal.

The question before us now is whether the insurance company has the right to determine for itself whether or not it shall continue its contract of indemnity because of a change in the risk, or if it is for a jury to determine whether or not the risk was increased.

We are unable to find any cases exactly in point in this or other jurisdictions, but feel that the law applicable should be the same as that applied to personal property. Contracts of insurance are presumed to be made with reference to the character of the property insured and the owner's use of it in the ordinary way and for the purposes for which such property is ordinarily held and used. Personal property usually kept in one place carries with it a continuing warranty that it will remain in that place, and a removal constitutes a breach of such warranty and avoids the insurance coverage: Lyons v. Providence Washington Ins. Co., 43 Am. Rep. 32; Sica v. Home Ins. Co. of N. Y. et al. (N. J. 1930), 148 Atl. 170; Bryce v. Lorillard Fire Ins. Co., 14 Am. Rep. 249.

". . . the contract was made in reference to the situation and surroundings of the property. For a price paid by one party the other agreed to carry the risk.

. . . It might be quite easy to satisfy most persons that the removal lessened, as much as the new building increased, the risk, but it would be hard to satisfy anybody that, after such change, the risk was the same as contracted for. . . . After the change, the assurer, if notified, might have been willing to continue the insurance, with or without additional consideration, or might have terminated the policy and refunded a ratable portion of the premium. It is not for the assured alone to change the contract, and the courts cannot do it for him. A setting up of some real or fancied lessening of risk, as a set-off against increased risk by building up the vacant lot, could not have been apprehended when the contract was executed. A company which would submit to such imposition would soon be overburdened, and its policies become worthless to their holders": Pottsville Mutual Fire Ins. Co. v. Horan, 89 Pa. 438, 445.

The facts in Western & A. Pipe Lines v. Home Ins. Co., 145 Pa. 346, are somewhat similar but in that case it was the contents of an oil tank which were insured and the tank container, by a flood, was moved from its original location. The court, at page 359, acknowledged that there was a difference between a voluntary and an involuntary change of location.

In this case the building was removed a considerable distance, although still remaining on the same farm property. The porte-cochere was removed, and, instead of being on a cement foundation, the building rested on wooden blocks with no other foundation whatever. In our opinion the company was entitled to be notified of such changed conditions in order that it might continue its obligation for the same or a renewed consideration or refuse further indemnity and return any unused portion of the premium. In N. E. Fire & M. Ins. Co. v. Schettler, 38 Ill. 166, it was held that an insured may remove his building and that the consent of the agents with acceptance of an additional pre-

mium, which was remitted to the company, will make the company liable for loss. In the case before us plaintiff has attempted to come within this rule, but we are satisfied that the indefinite reference to the agent's knowledge is not sufficient. There should be an allegation as to the time and place of notice, the name of the agent to whom the notice was given, and an averment made to the effect that the agent was qualified to change the contract or waive a portion of its terms.

And now, to wit, February 26, 1942, the rule to show cause granted August 11, 1941, on defendant's motion for judgment for want of a sufficient reply to the matter set forth in the answer by defendant, will be made absolute unless plaintiff, within 15 days, files a sufficient reply.